IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YOLANDA E. BROWN                    )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )          Case No. _____
                                    )
QUIKTRIP CORPORATION                )
                                    )
                                    )
                                    )
    Defendant.                      )
_____ )

# EXHIBIT "A"

# TO NOTICE OF AND PETITION FOR REMOVAL

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**YOLANDA E BROWN**
_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: **18 C   0 3 5 7 6   3**

VS.

**QUIKTRIP CORPORATION**
_____

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Melvin L Hewitt Jr / Hilary W Hunter          Francis R. Dixson III
600 Embassy Row, Suite 150                    150229 Peachtree St NE, Ste 450
Atlanta GA 30328                              Atlanta, GA 30303

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____17th____ day of _____May_____, 20 _18_.

Richard T. Alexander, Jr.,
Clerk of State Court

By _____
        Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011



FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

**IN THE STATE COURT OF GWINNETT COUNTY** MAY 17 PM 2: 12
**STATE OF GEORGIA**

RICHARD ALEXANDER, CLERK

| | | |
|---|---|---|
| YOLANDA E. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION FILE** |
| vs. | ) | |
| | ) | **NO.** |
| QUIKTRIP CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## REFILED COMPLAINT

COMES NOW YOLANDA E. BROWN (hereinafter sometimes referred to as "BROWN" or "Plaintiff") and refiles this her Complaint for Personal Injuries against defendant QUIKTRIP CORPORATION (hereinafter sometimes referred to herein as "QT") pursuant to O.C.G.A. § 9-2-61 as a renewal complaint having previously been voluntarily dismissed without prejudice on April 4, 2018 and shows this Court the following:

1.

Plaintiff is a resident of the State of Georgia and is entitled to bring this action.

2.

Defendant QT, having as its principal place of business an address at 4705 S 129th E. Ave., Tulsa, Oklahoma, 74134..3.

3.

Defendant QT has, as its Registered Agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Gwinnett County, Georgia, 30046.

4.

Defendant QT can be properly served in this action by serving its Registered Agent at 289 S Culver St, Lawrenceville, Gwinnett County, Georgia, 30046.

5.

By virtue of the facts and allegations aforesaid, jurisdiction and venue are proper in this court.

## GENERAL ALLEGATIONS

6.

At or around 4:34 p.m. on March 20, 2015, plaintiff YOLANDA BROWN was heading to the QuikTrip Store #722 at 7225 Rockbridge Road in Lithonia, Georgia (hereinafter sometimes "the premises") on foot from the Rockbridge Square strip mall directly behind the premises to purchase ice.

7.

At or around 4:34 p.m. on March 20, 2015, plaintiff YOLANDA BROWN traversed a dirt covered median area of the parking lot when her right foot hit what she later found out was artificial pine straw and slid causing her to fall.

8.

Plaintiff landed in such a way that caused her to experience increasingly excruciating pain in her right ankle area.

9.

Plaintiff was taken by ambulance to the emergency room at Eastside Medical Center.

10.

The dangerous condition was in no way apparent or obvious to plaintiff YOLANDA BROWN.

11.

At all times herein, Plaintiff YOLANDA BROWN was watching where she was walking and was exercising reasonable care for her own safety.

## COUNT ONE

## NEGLIGENCE

12.

Paragraphs 1 through 11 are incorporated by reference as though fully and completely set forth.

13.

At all times relevant hereto, defendant QT managed, operated and exercised control over the premises.

14.

At all times relevant hereto, defendant QT exercised complete control over the area where plaintiff fell.

15.

At all times relevant hereto, there were no signs in the area where Plaintiff fell warning of a dangerous condition in the area where plaintiff fell to warn the plaintiff or other invitees to the premises of such condition, and in particular, the area of the premises where plaintiff fell.

16.

At all times relevant hereto, defendant QT had a duty to exercise ordinary care to keep the premises at issue, and more specifically, the area where plaintiff fell and to keep the premises safe to invitees and others lawfully on the property from known dangers, or dangers of which they should have been aware, on the property.

17.

At all times relevant hereto, defendant QT had a duty to reasonably inspect the premises at issue, and more specifically, the area where plaintiff fell, safe to invitees and others lawfully on the property from known dangers, or dangers of which they should have been aware, on the property.

18.

The dangerous condition that existed on the property at issue was known to defendant QT or should have been discovered by defendant QT upon reasonable inspection.

19.

Defendant QT breached its duty to the plaintiff by failing to take reasonable actions to correct known, dangerous conditions on the property at issue, which breach resulted in and proximately caused the injuries suffered by the plaintiff when she fell on the premises at issue.

20.

The negligence of defendant QT in failing to inspect and keep its premises safe for its invitee was the sole, proximate cause of the incident resulting in injuries to the plaintiff,

## COUNT TWO

## NEGLIGENCE – FAILURE TO KEEP THE PREMISES SAFE

## (O.C.G.A. § 51-3-1)

### 21.

Paragraphs 1 through 20 are incorporated by reference as though fully and completely set forth herein.

### 22.

At all times relevant hereto, Defendant, to include its agents and employees owed a duty of care to its invitees and others lawfully on the premises, including but not limited to Yolanda Brown, to keep the premises and approaches safe from known dangers on the Premises.

### 23.

Defendant failed to keep the Premises safe and failed to adequately and properly protect its invitees and others lawfully on the premises, including but not limited to Yolanda Brown, and breached their duty of such care.

### 24.

As a result of the negligence and consequence of the negligence of Defendant, Yolanda Brown suffered serious injuries.

### 25.

As a result of the negligence of and as a consequence of the negligence of Defendant, plaintiff seeks and is entitled to special damages to be shown with certainty at trial and general damages for her pain and suffering.

## COUNT THREE

## DEFENDANTS MAINTAINED A PRIVATE NUISANCE

### (O.C.G.A. § 41-1-1 et seq.)

26.

Paragraphs 1 through 25 are incorporated by reference as though fully and completely set forth herein.

27.

Defendant itself and by and through the conduct of its agents and employees, are liable for creating and maintaining a nuisance by reason of their individual and/or collective failure to remedy dangerous conditions on the Premises which occurred over a period of time about which Defendant had knowledge and an opportunity to abate.

28.

As a result of the conduct, actions and inactions of Defendant, itself and by and through the conduct of its agents and employees, Yolanda Brown was injured, which resulted in her suffering great physical pain and suffering.

29.

As a result of the conduct, actions and inactions of Defendant, itself and by and through the conduct of its agents and employees, in creating and maintaining a private nuisance, plaintiff seeks and is entitled to special damages to be shown with certainty at trial and general damages for pain and suffering.

## DAMAGES

### 30.

Paragraphs 1 through 29 are incorporated by reference as though fully an completely set forth and plaintiff's claims for damages set forth hereunder shall be applicable to all paragraphs set forth above.

### 31.

As a direct and proximate result of the injuries incurred by the plaintiff YOLANDA BROWN, plaintiff YOLANDA BROWN has incurred medical expenses to date as follows:

| | | |
|---|---|---|
| (a) | Eastside Medical Center | $TBD |
| (b) | Maroon Bells ER Physicians | $TBD |
| (c) | South Gwinnett Radiology | $TBD |
| (d) | Greenleaf Foot and Ankle | $TBD |
| (e) | Dept. of Veterans Affairs | $TBD |
| | TOTAL: | $TBD |

for the which plaintiff is entitled to recover against the defendant.

### 32.

As a direct and proximate result of the injuries incurred in the fall at the premises described above, plaintiff experienced immediate and excruciating physical pain accompanying the injuries she sustained in the fall.  Plaintiff has continued to suffer physical pain as a result of her injuries and is likely to continue to suffer such physical pain into the future.

WHEREFORE, having set forth her claims against defendant QT, plaintiff prays

(a) for Judgment in favor of plaintiff against defendant QT for compensatory (special) damages proven at trial including past, present and future medical bills; and

(b)     for Judgment in favor of plaintiff against defendant QT for general damages for past, present and future physical pain and suffering incurred as a direct and proximate result of the injuries she incurred;

(c)     for TRIAL BY JURY;

(d)     for attorney's fees in an amount to be determined at trial;

(e)     for filing fees and expenses incurred in litigation of this matter;

(f)     for punitive damages in an amount to be determined at trial; and

(g)     for such other and further relief as the Court deems just and proper.

This 15th day of May , 2018

ISENBERG & HEWITT, PC

Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Hilary W. Hunter
Georgia Bar No. 742696

600 Embassy Row, Suite 150
Atlanta GA 30328
T 770 351 4400
F 770 828 0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

DIXSON LAW, LLC

Francis R. Dixson III
Georgia Bar No. 185037

229 Peachtree St. NE
International Tower – Suite 450
Atlanta, Georgia 30303
T 678 653 0601
F 678 658 9096
francis@dixsonlaw.com

*ATTORNEYS FOR PLAINTIFFS*

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| YOLANDA E. BROWN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| vs. | ) | |
| | ) | NO. <u>18C 03576 3</u> |
| **QUIKTRIP CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT QUIKTRIP CORPORATION

**COMES NOW YOLANDA E. BROWN** (hereinafter "plaintiff") in the above-captioned case and hereby requests defendant **QUIKTRIP CORPORATION** (hereinafter "QT" or "defendant") to admit the matters set forth below, or deny same in writing, within thirty (30) days from the date of service hereof (or 45 days if service is made with the Summons and Complaint).

1.

Admit that **QUIKTRIP CORPORATION** is a proper party to this lawsuit.

2.

Admit that service upon the **QUIKTRIP CORPORATION** was proper in this lawsuit.

3.

Admit that jurisdiction as to defendant **QUIKTRIP CORPORATION** and venue as to defendant **QUIKTRIP CORPORATION,** with respect to this lawsuit, are proper.

4.

Admit that Plaintiff fell on March 20, 2015 at defendant's premises.

5.

Admit that the Plaintiff reported to defendant QT that she fell immediately after.

6.

Admit that none of defendant's employees witnessed plaintiff falling at defendant's premises on March 20, 2015.

7.

Admit that the incident complained of in Plaintiff's complaint occurred at defendant QT'S premises located at 7225 Rockbridge Road SW, Lithonia, GA 30058.

8.

Admit that plaintiff YOLANDA E. BROWN was an invitee at defendant's premises at the time of the incident giving rise to this lawsuit.

9.

Admit that defendant QT was in control of the premises at issue at the time and place of the incident giving rise to this lawsuit.

10.

Admit that there were no signs, notices or warning devices in the immediate area where plaintiff incurred her injuries at the time the plaintiff claims to have been injured on the premises.

11.

Admit that QT placed no signs, notices or warning devices relating to the slippery area described in the Complaint where plaintiff incurred her injuries.

Page -2-

This __15ᵗʰ__ day of May, 2018

ISENBERG & HEWITT, P.C.

Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Hilary A. Wayne
Georgia Bar No. 742696

600 Embassy Row, Suite 150
Atlanta GA 30328
T 770 351 4400
F 770 828 0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

DIXSON LAW, LLC

Francis R. Dixson III
Georgia Bar No. 185037

229 Peachtree St. NE
International Tower – Suite 450        *ATTORNEYS FOR PLAINTIFFS*
Atlanta, Georgia 30303
T 678 653 0601
F 678 658 9096
francis@dixsonlaw.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ·YOLANDA E. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | )     **CIVIL ACTION FILE** |
| vs. | ) |
| | )     **NO. 18C 03576 3** |
| QUIKTRIP CORPORATION, | ) |
| | ) |
| Defendant. | ) |

---

### PLAINTIFF'S FIRST INTERROGATORIES
### TO DEFENDANT QUIKTRIP CORPORATION

**COMES NOW YOLANDA E. BROWN** (hereinafter "plaintiff") in the above-captioned case, and hereby requires that defendant **QUIKTRIP CORPORATION** (hereinafter "QT" or "defendant") answer under oath and in writing the following interrogatories within 30 days from the date of service (or 45 days if service is made with the Summons and Complaint) as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to plaintiffs' attorney, Hilary W. Hunter, c/o ISENBERG & HEWITT, P.C., 600 Embassy Row, Suite 150, Atlanta GA 30328.

**NOTE A:** When used in these interrogatories, the term defendant or any synonym thereof is intended to and shall embrace and include, in addition to the said defendant, all agents, servants, representatives, private investigators and others who are in a position for or may have obtained information for or on behalf of the defendant.

**NOTE B:** These interrogatories shall be deemed continuing to the extent required by law. You are requested (pursuant to O.C.G.A. 9-11-26(b)) to seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as

well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he/she is expected to testify and the substance of his/her testimony; and (2) amend any prior response if you subsequently learn that the original response was incorrect or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

2.  "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.  To "identify" a "document" means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

    (a)  The title or other means of identification of each such document;
    (b)  The type of document (e.g., letter, memorandum, record);
    (c)  The date of each such document;
    (d)  The author of each such document;
    (e)  The recipient or recipients of each such document, including but not limited to plaintiff or anyone who purports to represent the plaintiff;
    (f)  The present location of any and all copies of each such document in the care, custody, or control of plaintiff;
    (g)  The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

Page -2-

(h)    If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

In lieu of "identifying" any document, it shall be deemed a sufficient compliance with these interrogatories to attach a copy of each such document to the answers hereto and reference said document to the particular interrogatory to which the document is responsive.

4.    To "identify" a natural person means to state that person's full name, title, or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons (e.g., government agency, corporation, partnership, joint venture, etc.), and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5.    "Defendant" "you," or "your" refers to, without limitation, to the named defendant, **QUIKTRIP CORPORATION** (sometimes herein referred to as "QT"), and any business entities with which it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or representative of plaintiff or any such other business entity previously described herein. **Any other defendant shall be identified specifically by name.** The QUIKTRIP that is the subject of Plaintiff's Complaint is located at 7225 Rockbridge Road in Lithonia, Georgia.

6.    "Plaintiff" refers to, without limitation, the named plaintiff, **YOLANDA E. BROWN**, to include any other names under which they have been known.

7.    "Complaint" refers to the Complaint filed by plaintiff in this action.

8.    Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

9.    Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

### Additional Instructions

(1)    In lieu of identifying any document, it shall be a sufficient response to produce such document and attach a copy thereof to your answers to these interrogatories.

(2)    With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

(3)     Whenever these interrogatories request information which was furnished in response to a previous interrogatory, such information need not be restated, and it is sufficient to identify, by number, the previous answer which contains the information requested.

(4)     Whenever these interrogatories request information which is not available to the defendant in the form requested, but is available in another form or can be obtained elsewhere, so state or either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

(5)     Each interrogatory should be construed independently and not with reference to any other interrogatory for purposes of limitation, except where specifically so designated.

(6)     If any information requested by these interrogatories is withheld because defendants claim that the information is privileged, state the basis upon which any privilege is claimed and the general subject matter of the information withheld.

## Interrogatory No. 1

Identify the name, title and basis of authority of each and every person answering or contributing to the answers to these Interrogatories on your behalf. [Specifically excluded from identification are individuals whose contributions to the responses to these interrogatories are purely clerical in nature.]

## Interrogatory No. 2

Was the defendant the owner of the premises when the alleged accident/incident happened? If not, please identify completely the owner of the property at the time of the alleged accident/incident and, to the extent applicable, your status on the property.

## Interrogatory No. 3

Was the defendant in control of the premises when the alleged accident/incident happened? If not, please identify who was in control of the property at the time of the alleged accident/incident.

**Interrogatory No. 4**

State fully and completely how you maintain the alleged accident/incident happened, providing in your answer a complete chronology of events.

**Interrogatory No. 5**

Describe the weather, daylight, and ground conditions at the time of the alleged incident.

**Interrogatory No. 6**

Describe the location of all video cameras located on the exterior of the premises at issue.

**Interrogatory No. 7**

Describe in detail the procedures for the use of any surveillance equipment utilized on the exterior of the premises at issue.

**Interrogatory No. 8**

Please identify every employee on duty within the six (6) hours prior to and the four (4) hours subsequent to the time the plaintiff alleges to have fallen at the premises at issue.

**Interrogatory No. 9**

Please identify every employee on duty within the six (6) hours prior to and the four (4) hours subsequent to the time the plaintiff alleges to have fallen at the subject premises who had any responsibility to inspect, observe or detect dangerous conditions on the exterior of the premises.

**Interrogatory No. 10**

Describe, in as much detail as possible, all actions or activities of the plaintiff of which you are aware, from the time you (or any agent or employee of the defendant) first observed or noticed the plaintiff on the premises until the happening of the accident/incident.

### Interrogatory No. 11

Describe, in detail, the plaintiff when she was first observed after the alleged incident.

### Interrogatory No. 12

Describe, in detail, all actions or activities of the plaintiff you, or any of defendant's agents or employees observed, after the alleged accident/incident.

### Interrogatory No. 13

Did you or any of your agents or employees render any assistance or support of any kind to the plaintiff after the alleged accident/incident? If you did, please describe what assistance or help was given to the plaintiff and the names and addresses of those persons rendering assistance.

### Interrogatory No. 14

Please state, with specificity, the factual basis for any claim or contention on your part that the plaintiff's injuries were in any way the result of any negligence on her part. In your response to this interrogatory, please fully and completely describe each negligent act or acts you claim were committed by the plaintiff, which resulted in any of her injuries.

### Interrogatory No. 15

At any time after the alleged accident/incident, did you or any of the defendant's agents or employees make any examination or inspection of the place or location where the accident/incident occurred? If yes, please fully and completely describe the findings of any such examination or inspection.

### Interrogatory No. 16

List everything that you, or any of the defendant's agents or employees, did to prevent the alleged accident/incident at issue in this lawsuit.

### Interrogatory No. 17

If you contend that the plaintiff, in any way, assumed any risk which in any way caused or contributed to her injuries claimed in this lawsuit, please fully and completely describe every act the plaintiff committed in assuming the risk of her injuries.

### Interrogatory No. 18

Identify all sources of insurance, including identification by company, policy numbers, effective dates of insurance and policy limits which may be relied upon to satisfy any portion of any judgment awarded to the plaintiff as a result of this lawsuit.

### Interrogatory No. 19

Other than the Plaintiff, please identify any eye witnesses to the accident/incident at issue in this lawsuit.   For each eyewitness, please state the following:

(a)     His or her name, current address, and telephone number;

(b)     Whether the witness made any oral or written statements to you, any representative of you, your insurance carrier or any representative of your attorney;

(c)     If so, please set forth the date of the statement, the name and current address or the person to whom the statement was given and the contents of the statement.

(d)     If the statement was in writing or has been reduced to written form, will you attach a copy without a Request for Production of Documents? If not, please identify the writing with sufficient particularity so that it may be described in a Request for Production of Documents.

**Interrogatory No. 20**

Has the Plaintiff made any statements to, or engaged in any conversations with you, any representatives of yours, your insurance carrier, your attorney, or any representative of your attorney? If so, for each statement or conversation, please set forth the following:

(a)   The name and current address of the person to whom the statement was given or with whom the conversation was held.

(b)   The date and location of the statement or conversation.

(c)   If the statement was oral, set forth the contents in detail.

(d)   If the statement was in writing or has been reduced to written form, will you attach a copy without a Request for Production of Documents? If not, please identify the writing with sufficient particularity so that it may be identified in a Request for Production of Documents.

**Interrogatory No. 21**

Identify all persons whom you expect to call or may call as expert witnesses upon the trial of this matter. With respect to each such person so identified, please also provide the following information:

(a)   The specific subject matter upon which each such expert is expected to testify;

(b)   The substance of the facts, opinions, and conclusions to which you expect such expert to testify;

(c)   A summary of the factual grounds for each such opinion or conclusion; and

(d)   Whether any such person has prepared or provided to you a written or

recorded statement or report concerning their investigation and, if so, the name and address of all persons who have a copy of each such report or statement.

### Interrogatory No. 22

Within the three (3) year period prior to March 20, 2015, are you aware of any invitee or patron of the **QT** located at 7225 Rockbridge Road in Lithonia, Georgia who suffered physical injuries as a result of falling (or allegedly falling) at any exteriorar area at the **QT** located at 7225 Rockbridge Road in Lithonia, Georgia? If so, please identify (i) the person claiming to have slipped and suffered injuries; and (ii) the last known address or contact information for such person claiming to have slipped and suffered injuries.

### Interrogatory No. 23

Please identify any contractor, individual or entity responsible for inspecting or maintaining the exterior of the **QT** located at 7225 Rockbridge Road in Lithonia, Georgia other than employees of **QT**.

### Interrogatory No. 24

Identify, with sufficient particularity so as to allow the plaintiff to frame a Notice to Produce, all procedures, procedures manuals, policies, directives, protocols, memorandums, notices, alerts, safety messages, instructions, instruction manuals, training materials and all other written or tangible memorializations which pertain to or concern in any way to the inspection, and/or maintenance of the exterior of the **QT** located at 7225 Rockbridge Road in Lithonia, Georgia. [Note: This interrogatory is not limited to materials which are only applicable to the **QT** located at 7225 Rockbridge Road in Lithonia, Georgia, but requests identification of

materials applicable to the **QT** located at 7225 Rockbridge Road in Lithonia, Georgia location which might be applicable to other Quiktrip store locations as well.]

### Interrogatory No. 25

Describe, in detail, all policies, procedures, and training information provided to your employees regarding customer accident prevention and safety.

### Interrogatory No. 26

Identify, with sufficient particularity so as to allow the plaintiff to frame a Notice to Produce, all procedures, procedures manuals, policies, directives, protocols, memorandums, notices, alerts, safety messages, instructions, instruction manuals, training materials and all other written or tangible memorializations which pertain to or concern in any way to the placement of signs alerting invitees at the **QT** located at 7225 Rockbridge Road in Lithonia, Georgia of dangerous conditions on the exterior of the premises.

This ___15ᵗʰ___ day of May, 2018

ISENBERG & HEWITT, P.C.

Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Hilary A. Wayne
Georgia Bar No. 742696

600 Embassy Row, Suite 150
Atlanta GA 30328
T 770 351 4400
F 770 828 0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

DIXSON LAW, LLC

_Francis Dixon_ '16
Francis R. Dixson III
Georgia Bar No. 185037

229 Peachtree St. NE
International Tower – Suite 450          *ATTORNEYS FOR PLAINTIFFS*
Atlanta, Georgia 30303
T 678 653 0601
F 678 658 9096
francis@dixsonlaw.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| YOLANDA E. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION FILE** |
| vs. | ) | |
| | ) | NO. 18C 03576 3 |
| QUIKTRIP CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT QUIKTRIP CORPORATION

**COMES NOW YOLANDA E. BROWN** (hereinafter "plaintiff") plaintiff in the above-captioned case and hereby requests defendant **QUIKTRIP CORPORATION** (hereinafter "QT" or "defendant") produce and permit plaintiff, or someone acting on plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably usable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party upon whom these requests are served at the office of Hilary W. Hunter c/o ISENBERG & HEWITT, PC, 600 Embassy Row, Suite 150, Atlanta GA 30328 within 30 days from the date of service (or 45 days if service is made with the Summons and Complaint).

**NOTE A:** As an alternative to producing the documents or other evidence of writing hereinbelow designated at the time, date and place above specified, you may photostat or copy

true, correct and genuine originals or copies of originals of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production of Documents and serve the same upon the undersigned counsel within thirty (30) days from the date of service of this request (or within 45 days if service of these Requests was made with the original service of the Complaint and Summons).

**NOTE B:** Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things hereinbelow requested, this request shall be deemed, in accordance with O.C.G.A. 9-11-26(e), to be continuing in nature.

### Request No. 1

Any rules, management guidelines, operating guidelines, procedures, procedures manuals, policies, policy manuals, or other similar writings or documents that purport to show procedures or protocols for the maintenance, inspection, care or safety of the area of the premises[1] (the **QT** located at 7225 Rockbridge Rd SW, Lithonia, GA 30058) at which plaintiff was injured in the incident giving rise to this lawsuit.

### Request No. 2

Any and all pictures, including still and film and video, that are in your possession or control that depict the scene of the incident giving rise to or leading up to this lawsuit which pictures were taken within two (2) hours prior to and one (1) hour subsequent to the Plaintiff's fall at Defendant's premises (the **QT** located at 7225 Rockbridge Rd SW, Lithonia, GA 30058).

---

[1]Plaintiff is seeking any corporate and/or franchise rules, guidelines, procedures, etc. as well as any local (7225 Rockbridge Road, Lithonia, GA) rules, guidelines, procedures.

### Request No. 3

Any and all expert reports which have been obtained from any expert.

### Request No. 4

Copies of any and all statements, previously made, recorded or otherwise memorialized concerning the subject matter of this lawsuit, including but not limited to any written statement signed or otherwise by any of defendant's employees or other witnesses of the event giving rise to this lawsuit, any follow-up investigative report or incident report of the incident.

### Request No. 5

Copies of any and all drawings, maps, sketches or depictions of the scene made by any witness to the incident or the circumstances leading up to the incident giving rise to this lawsuit.

### Request No. 6

Copies of all reports or other written documentation of all similar incidents occurring at the defendant's premises at issue in this lawsuit during the three (3) years prior to the date of plaintiff's alleged injuries.

### Request No. 7

A current copy of the curriculum vitae (or resume) of any expert who may be called to testify at trial.

### Request No. 8

To the extent not provided in response to any prior above-stated Request, all materials, including but not limited to, employee manuals, training manuals, procedures manuals, policy manuals, guidelines, memoranda and correspondence pertaining to rules and/or regulations and/or procedures to be followed by employees and/or contractors of defendant maintaining and

inspecting the exterior of defendant's premises. (This request is deemed to include any training films and/or video tapes used by defendant for training or any other purpose.)

### Request No. 9

Any and all incident reports, activity reports, sweep logs or other report which in any manner mentions, reflects upon or documents any of the facts or circumstances of the incident giving rise to this lawsuit.

### Request No. 10

If not provided in response to any prior request set forth above, copies of any and all maintenance orders and/or logs or journals relating to exterior grounds inspections of the area of the premises where plaintiff contends she incurred injury.

### Request No. 11

If not provided in response to any prior request set forth above, any incident report made or taken regarding the incident at issue in this lawsuit which was taken or made at the time of or soon after the reporting or discovery of the plaintiff's fall.

### Request No. 12

Copies of all insurance policies providing protection or coverage to defendant on the date of the incident giving rise to plaintiff's claims of injuries. (A declarations page is deemed a sufficient response to this request.)

### Request No. 13

Any "job descriptions" which pertain to or concern or describe in any way the duties of any personnel employed by QT for its stores to include but not be limited to job descriptions for the individuals employed at the **QT** located at 7225 Rockbridge Road in Lithonia, Georgia at the time of the incident that forms the basis of Plaintiff's Complaint.

**Request No. 14**

A copy of any and all records of training (tests and test results) for all QT employees working at **QT's** 7225 Rockbridge Road location in Lithonia, Georgia on March 20, 2015.

**Request No. 15**

To the extent not provided in response to any prior request, any and all manuals, booklets, policies, procedures, directives, memorandum or other tangible documentation which relates to:

    (a)    the manner in which injuries occurring on the premises of any QT are to be reported to any person or entity (including management); and

    (b)    the manner in which the exterior portion of the premises is to be maintained.

**Request No. 16**

Please produce a drawing, map, or sketch of the premises which depicts the physical lay-out of the premises as of March 20, 2015.

**Request No. 17**

Please produce any documents, reports, or other written materials pertaining to any investigation regarding the incident which is the subject of this lawsuit. [This Request specifically <u>excludes</u> any documents, reports, correspondence or other written, transcribed or tangible materials prepared after defendant was aware that Plaintiff was represented by counsel or that there was or would be impending litigation.]

**Request No. 18**

Copies of any and all documents referred to in your response to Plaintiff's First Interrogatories.

## Request No. 19

Please produce any and all documents and tangible things whose production has not been requested which you intend to offer into evidence at the trial of this case.

This _15ᵗʰ_ day of May, 2018

ISENBERG & HEWITT, P.C.

Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Hilary A. Wayne
Georgia Bar No. 742696

600 Embassy Row, Suite 150
Atlanta GA 30328
T 770 351 4400
F 770 828 0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

DIXSON LAW, LLC

Francis R. Dixson III
Georgia Bar No. 185037

229 Peachtree St. NE
International Tower – Suite 450
Atlanta, Georgia 30303
T 678 653 0601
F 678 658 9096
francis@dixsonlaw.com

*ATTORNEYS FOR PLAINTIFFS*

Page -6-

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2018 JUN 25  AM 11: 42

RICHARD ALEXANDER, CLERK

YOLANDA E. BROWN,

    Plaintiff,

v.

QUIKTRIP CORPORATION,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. 18C03576-3

---

### DEFENDANT QUIKTRIP CORPORATION'S ANSWER TO PLAINTIFF'S REFILED COMPLAINT

COMES NOW, QuikTrip Corporation (hereinafter "QuikTrip"), by and through counsel, named as a Defendant in the above-styled action, and files its Answer to Plaintiff's Refiled Complaint.

### FIRST DEFENSE

For a First Defense, QuikTrip responds to the numbered Paragraphs of Plaintiff's Complaint as follows:

1.

QuikTrip is without knowledge to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

QuikTrip admits that its principal place of business is 4705 S, 129th East Avenue, Tulsa, Oklahoma, 74134.

3.

QuikTrip admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

QuikTrip admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

QuikTrip admits that this Court has jurisdiction over this case.   QuikTrip admits that Gwinnett County is a proper venue for this case.

## GENERAL ALLEGATIONS

6.

QuikTrip is without knowledge to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

QuikTrip is without knowledge to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

QuikTrip is without knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

QuikTrip is without knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

QuikTrip denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

QuikTrip is without knowledge to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## COUNT ONE
## NEGLIGENCE

12.

QuikTrip re-incorporates its responses to Paragraphs 1 through 11 of Plaintiff's Complaint as though fully and completely set forth.

13.

QuikTrip admits that it managed, operated, and exercised control over its store.

14.

QuikTrip is without knowledge to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

QuikTrip admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

QuikTrip admits to any duties imposed by law.  QuikTrip denies that Paragraph 16 of Plaintiff's Complaint is an accurate statement of any such duties.

17.

QuikTrip admits to any duties imposed by law.  QuikTrip denies that Paragraph 17 of Plaintiff's Complaint is an accurate statement of any such duties.

18.

QuikTrip denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

QuikTrip denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

QuikTrip denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

## COUNT TWO
## NEGLIGENCE – FAILURE TO KEEP THE PREMISES SAFE
## (O.C.G.A. § 51-3-1)

21.

QuikTrip re-incorporates its responses to Paragraphs 1 through 20 of Plaintiff's Complaint as though fully and completely set forth.

22.

QuikTrip admits to any duties imposed by law.  QuikTrip denies that Paragraph 22 of Plaintiff's Complaint is an accurate statement of any such duties.

23.

QuikTrip denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

QuikTrip denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

QuikTrip denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

## COUNT THREE
## DEFENDANTS [SIC] MAINTAINED A PRIVATE NUISANCE
## (O.C.G.A. § 41-1-1 et seq.)

26.

QuikTrip re-incorporates its responses to Paragraphs 1 through 25 of Plaintiff's Complaint as though fully and completely set forth.

27.

QuikTrip denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

QuikTrip denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

QuikTrip denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

## DAMAGES

30.

QuikTrip re-incorporates its responses to Paragraphs 1 through 29 of Plaintiff's Complaint as though fully and completely set forth.

31.

QuikTrip denies the allegations contained in Paragraph 31 of Plaintiff's Complaint, including all sub-parts.

32.

QuikTrip denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

QuikTrip denies the allegations contained in the wherefore clause of Plaintiff's Complaint, including all subparts.

34.

QuikTrip denies any remaining allegations not specifically responded to herein.

## SECOND DEFENSE

As a Second Defense, QuikTrip asserts that Plaintiff failed to exercise reasonable care for her own safety, proximately causing, contributing to, or failing to mitigate the injuries, if any, sustained by Plaintiff in the subject accident.

## THIRD DEFENSE

As a Third Defense, QuikTrip asserts that a one-time occurrence does not constitute a nuisance.

## FOURTH DEFENSE

As a Fourth Defense, QuikTrip asserts that, to the extent it owed Plaintiff a duty, it breached no duty owed to Plaintiff.

## FIFTH DEFENSE

As a Fifth Defense, QuikTrip asserts that no act or omission of QuikTrip proximately caused the occurrence at issue in this litigation or any damages alleged by Plaintiff.

## SIXTH DEFENSE

As a Sixth Defense, QuikTrip asserts that Plaintiff assumed the risk of her injuries.

## SEVENTH DEFENSE

As a Seventh Defense, QuikTrip asserts that Plaintiff, in the exercise of ordinary care, could have avoided the consequences of QuikTrip's alleged negligence, any such negligence being specifically denied.

## EIGHTH DEFENSE

As an Eighth Defense, QuikTrip asserts that the alleged hazard, if any, was open and obvious to Plaintiff.

## NINTH DEFENSE

As a Ninth Defense, QuikTrip asserts that it is entitled to the defenses of comparative and contributory negligence.

## TENTH DEFENSE

As a Tenth Defense, QuikTrip asserts that to the extent that Plaintiff is claiming or seeking recovery for injuries which pre-existed the accident, or which were not proximately caused by the subject accident, QuikTrip asserts that it would not be liable under any circumstances for such claims.

## ELEVENTH DEFENSE

As an Eleventh Defense, QuikTrip asserts that Plaintiff fails to state a claim upon which relief can be granted as to "attorney's fees" and "filing fees and expenses."

## TWELFTH DEFENSE

As a Twelfth Defense, QuikTrip asserts that it is not liable for punitive damages because it has not acted willfully, with malice, fraud, wantonness, oppression, or entire want of care.

WHEREFORE, having fully answered, QuikTrip requests that Plaintiff's Refiled Complaint be dismissed, and QuikTrip receive a judgment in its favor, with all costs cast against Plaintiff and such other and further relief as the Court deems just and proper under the circumstances.

This 22nd day of June, 2018.

Respectfully submitted,

Michael J. Rust
Georgia Bar No. 621257
Nicole C. Leet
Georgia Bar No. 133044
Jena G. Emory
Georgia Bar No. 178454
Attorneys for Defendant QuikTrip Corporation

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7434 (Leet)
404-870-7430 (Emory)
404 870-7374 fax
e-mail: mrust@grsmb.com
        nleet@grsmb.com
        jemory@grsmb.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

YOLANDA E. BROWN, )
 )
     Plaintiff, )
 )
v. )  Case No. 18C03576-3
 )
QUIKTRIP CORPORATION, )
 )
     Defendant. )
_____ )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **Defendant QuikTrip Corporation's Answer to Plaintiff's Refiled Complaint** upon all counsel of record via U.S. Mail with adequate postage affixed thereon to:

Francis R. Dixson III
Dixson Law, LLC
229 Peachtree Street, NE
International Tower, Suite 450
Atlanta, GA 30303

Melvin L. Hewitt, Jr.
Isenberg & Hewitt, PC
600 Embassy Row
Suite 150
Atlanta, GA 30328

This 22nd day of June, 2018.

_____
Jena G. Emory
Georgia Bar No. 178454
Attorney for Defendant QuikTrip Corporation

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2018 JUN 25 AM 11: 42

RICHARD ALEXANDER, CLERK

| | |
|---|---|
| YOLANDA E. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18C03576-3 |
| | ) |
| QUIKTRIP CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### QUIKTRIP CORPORATION'S DEMAND FOR TWELVE PERSON JURY

COMES NOW QuikTrip Corporation, Defendant in the above-styled civil action, and

pursuant to O.C.G.A. § 15-12-122(a)(2), hereby demands that this case be tried by a jury of

twelve persons.

This 22nd day of June, 2018.

Respectfully submitted,

Michael J. Rust
Georgia Bar No. 621257
Nicole C. Leet
Georgia Bar No. 133044
Jena G. Emory
Georgia Bar No. 178454
Attorneys for Defendant QuikTrip Corporation

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7434 (Leet)
404-870-7430 (Emory)
404 870-7374 fax
e-mail: mrust@grsmb.com
        nleet@grsmb.com
        jemory@grsmb.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

YOLANDA E. BROWN,                          )
                                           )
              Plaintiff,                    )
                                           )
v.                                          )   Case No. 18C03576-3
                                           )
QUIKTRIP CORPORATION,                       )
                                           )
              Defendant.                    )
_____             )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **QuikTrip Corporation's Demand for a Twelve Person Jury** upon all counsel of record via U.S. Mail with adequate postage affixed thereon to:

Francis R. Dixson III
Dixson Law, LLC
229 Peachtree Street, NE
International Tower, Suite 450
Atlanta, GA 30303

Melvin L. Hewitt, Jr.
Isenberg & Hewitt, PC
600 Embassy Row
Suite 150
Atlanta, GA 30328

This 22nd day of _June_, 2018.

Jena G. Emory
Georgia Bar No. 178454
Attorney for Defendant QuikTrip Corporation