UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YOLANDA E. BROWN, <br><br> Plaintiff, <br><br> v. <br><br> QUIKTRIP CORPORATION, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:18-cv-03126-JPB |

## ORDER

This matter is before the Court on Defendant QuikTrip Corporation's ("QuikTrip") Motion for Summary Judgment ("Motion"). ECF No. 48. Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

### I.  BACKGROUND

Plaintiff Yolanda Brown ("Brown") filed a premises liability action against QuikTrip for injuries she sustained on QuikTrip's property. The relevant key facts are straightforward and generally not in dispute.

Brown was crossing on foot from the drive-through area of an adjacent bank onto QuikTrip's property when the incident occurred. She slipped, fell and broke

her leg as she attempted to walk over a sloped landscaped median covered with pine straw and dirt.

Brown claims that when she went inside the store to report her fall, someone in a group of employees told her that other people had previously fallen in the same place. QuikTrip objects to the admissibility of this testimony on hearsay grounds.

In its Motion, QuikTrip argues that it is entitled to summary judgment on all of Brown's claims because (i) the voluntary departure rule bars Brown's claims; (ii) she has not identified the hazard that caused her accident; (iii) she assumed the risk of walking on the median; (iv) the danger of the median was open and obvious, and she did not exercise ordinary care when she chose to walk on it; and (v) even if the median were a hazard, she had equal knowledge of it.

Brown responds that (i) the voluntary departure rule does not apply because there was no available authorized or safer sidewalk; (ii) the hazard was a median landscaped with "Textraw," which is a synthetic pine straw; (iii) she did not assume the risk because the QuikTrip property had no designated walkway or, if it did, it was equally or more hazardous; (iv) the hazard of the median was not open and obvious because it was covered in synthetic pine straw designed to look like

natural pine straw; and (v) she did not have equal knowledge of the hazard because she did not know it was partially covered in synthetic pine straw.

In reply, QuikTrip points to Brown's apparent confusion as to what exactly caused her fall as evidence that she cannot identify the hazard and contends that even assuming the median were a hazard, QuikTrip had no prior knowledge of it. QuikTrip reiterates that because Brown saw the curb, slope, pine straw and dirt before she stepped onto the median, the alleged danger was open and obvious, and she assumed the risk of doing so.

## II.     DISCUSSION

### A.     Legal Standard

"Summary judgment is appropriate when the record evidence, including depositions, sworn declarations, and other materials, shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting Fed. R. Civ. P. 56) (quotation marks omitted).  A material fact is any fact that "is a legal element of the claim under the applicable substantive law[,] which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).  A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Ultimately, "[t]he basic issue before the court . . . is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen*, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." *Id.*

After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts indicating summary judgment is improper because a material issue of fact does exist. *Id.* In carrying this burden, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).

In sum, if the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

### B.     Analysis

Under O.C.G.A. § 51–3–1, an owner or occupier of land has a duty to exercise ordinary care in keeping the premises and approaches safe.  However, "'[it] is not an insurer of the safety of its invitees[, and] [t]he mere occurrence of an injury does not create a presumption of negligence.'"  *Kennestone Hosp., Inc. v. Harris*, 646 S.E.2d 490, 493–94 (Ga. Ct. App. 2007).  In other words, "'[i]n premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a proprietor.'"  *Sunlink Health Sys., Inc. v. Pettigrew*, 649 S.E.2d 532, 534 (Ga. Ct. App. 2007).

To recover on a theory of premises liability, "[t]he plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control."  *Am. Multi-Cinema, Inc. v. Brown*, 679 S.E.2d 25, 28 (Ga. 2009).  With respect to the first prong of the test, "[t]he true basis of a proprietor's liability . . . is the proprietor's superior knowledge of a condition that may expose the invitees to an *unreasonable* risk of harm.  Recovery is allowed only when the proprietor had knowledge and the invitee did not."  *Emory Univ. v. Smith*, 581 S.E.2d 405, 406 (Ga. Ct. App. 2003).

5

With respect to the second prong, a "'[plaintiff] must exercise ordinary care for [her] own safety, and must by the same degree of care avoid the effect of the [defendant's] negligence after it becomes apparent to [her] or in the exercise of ordinary care [she] should have learned of it." *Brennan v. Freight Room, Inc.*, 487 S.E.2d 109, 111 (Ga. Ct. App. 1997) (alteration in original).  The plaintiff is required to make "use of all [her] senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to [her].'" *Id*.

> The reasonable selection of a route of travel is a part of the invitee's duty to exercise ordinary care for her own safety.  While an invitee need not necessarily choose the safest course across the owner/occupier's property, where an invitee voluntarily departs from the route designated and maintained by the owner/occupier for the invitee's safety and convenience, the degree of caution required by the invitee's duty to exercise ordinary care for her own safety is heightened by any increased risk resulting from that choice.

*Gaydos v. Grupe Real Estate Inv'rs*, 440 S.E.2d 545, 547 (Ga. Ct. App. 1994). (internal citation omitted).  Under this "voluntary departure" rule, summary judgment is proper if the defendant demonstrates that "the plaintiff voluntarily deviated from the safe designated travel route and instead took a more dangerous unauthorized route, resulting in the plaintiff's slip and fall." *Kennestone*, 646 S.E.2d at 495.  However, the rule does not apply "if the route taken by the plaintiff

6

was an authorized one, or if the route was unauthorized but the owner had notice that it was routinely being used improperly." *Id*. at 495-96.

In this case, QuikTrip underscores that it had no knowledge of the alleged hazard, much less superior knowledge. As proof, it cites to the affidavit of Jasmin Blagajcevic, the First Assistant Manager on duty at the time of the incident and the employee who completed QuikTrip's report of the incident and took pictures of the scene. Ms. Blagajcevic averred that QuikTrip employees did not observe a hazard in the area where Brown fell during their routine inspections of the premises. She also stated that QuikTrip had not received a report that customers walked to the store via the median and did not otherwise have knowledge of its use in that way prior to the incident.

As rebuttal evidence demonstrating QuikTrip's knowledge of the hazard, Brown points to her own testimony that when she went inside the store to report her fall on the day of the incident, one person in a group of employees admitted knowledge of prior falls in the same place. She also cites to *Emmanuel v. QuikTrip Corporation*, No. 1:14-cv-2702, 2015 WL 11578451, at *2 (N.D. Ga. Apr. 14, 2015), which is an unrelated prior case against QuikTrip involving a slip and fall on a median covered with pine straw at a different store.

7

QuikTrip contends that Brown's testimony should be excluded because it is hearsay and because she has neither identified the speaker nor made any proffer of the alleged speaker's agency relationship with QuikTrip. Brown did not respond to this argument, so it is unopposed. *See In re Acuity Brands, Inc. Sec. Litig.*, No. 1:18-cv-2140-MHC, 2019 WL 10246166, at *28 (N.D. Ga. Aug. 12, 2019) (finding that the defendant's argument was "unopposed" because the plaintiffs did not respond to it); *Jones v. Bank of America, N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (agreeing with the district court's conclusion that "when a party fails to respond to an argument or otherwise address a claim, the [c]ourt deems such argument or claim abandoned"). Accordingly, the testimony of the unidentified speaker is excluded.

But even if Brown had opposed QuikTrip's request, the Court would nevertheless exclude the subject testimony. In *Brewster-Veira v. United States*, a plaintiff filed suit as a result of a slip and fall accident on a wet floor at a United States Veterans Administration clinic. No. 1:18-CV-02858-LMM, 2019 WL 4804267, at *3 (N.D. Ga. July 22, 2019). The plaintiff argued that the clinic was aware of the hazard because after her fall, a woman who was behind the counter in the clinic came to assist and told the plaintiff that she had asked "them" to place a rug at the site of the accident. *Id*. The court excluded the statement as hearsay

8

because the out of court statement would be relevant only if it were offered to prove the truth of the matter asserted, *i.e.*, the clinic's knowledge of the hazard and that a rug was necessary to prevent accidents in that area. *Id*. at *4. The court further explained that the statement was not admissible under the hearsay exception for statements by an agent or employee made in the scope of employment because the plaintiff had not carried her burden to show that the unidentified person was an employee or agent of the clinic acting within the scope of her employment. *Id*. *See also Zaben v. Air Prod. & Chemicals, Inc.*, 129 F.3d 1453, 1456–57 (11th Cir. 1997) (finding that the district court properly excluded as hearsay the plaintiff's testimony regarding statements certain employees attributed to unidentified senior managers). Given its decision to exclude the hearsay statement and the plaintiff's failure to provide other material facts that would establish the clinic's actual knowledge of the alleged hazard, the court ultimately granted summary judgment in favor of the clinic. *Id*. at 5-6.

Here, Brown's proffer of the statement of the unidentified alleged QuikTrip employee is similar to the plaintiff's proffer of the unidentified woman's statement in *Brewster-Veira*, and it suffers from the same infirmities. It is an out of court statement offered for the truth of the matter asserted (and thus hearsay under Federal Rule of Evidence 801(c)), and Brown has not laid the proper foundation

9

under Rule 801(d)(2)(D) to admit it as a statement "made by [a] party's agent or employee on a matter within the scope of that relationship and while it existed." The statement is thus inadmissible hearsay under Rule 802.

The *Emmanuel* case, which concerns a different QuikTrip location and different circumstances, is similarly not evidence of QuikTrip's knowledge of a hazard in ***this*** case. That reasoning was expressly rejected by the Georgia Court of Appeals in *McCoy v. Gay*, 302 S.E.2d 130 (Ga. Ct. App. 1983). There, the court stated that "'it is not permissible, for the purpose of establishing whether a condition at one place is dangerous to show conditions at places other than the one in question." *Id*. at 132. Additionally, "[n]otice of one defect or of one fact [cannot be considered] notice of another wholly unconnected defect or fact, even though the two may be similar in nature.'" *Id*.

Because the Court has excluded the unidentified declarant's statement and may not consider the facts of the *Emmanuel* case here, the only evidence before the Court of QuikTrip's knowledge (or lack thereof) regarding the alleged hazard is the testimony of QuikTrip's manager. She stated unequivocally that prior to Brown's accident, QuikTrip had not received reports of falls on the median and had no knowledge that customers walked on the median to reach the store.

under Rule 801(d)(2)(D) to admit it as a statement "made by [a] party's agent or employee on a matter within the scope of that relationship and while it existed." The statement is thus inadmissible hearsay under Rule 802.

The *Emmanuel* case, which concerns a different QuikTrip location and different circumstances, is similarly not evidence of QuikTrip's knowledge of a hazard in ***this*** case. That reasoning was expressly rejected by the Georgia Court of Appeals in *McCoy v. Gay*, 302 S.E.2d 130 (Ga. Ct. App. 1983). There, the court stated that "'it is not permissible, for the purpose of establishing whether a condition at one place is dangerous to show conditions at places other than the one in question." *Id*. at 132. Additionally, "[n]otice of one defect or of one fact [cannot be considered] notice of another wholly unconnected defect or fact, even though the two may be similar in nature.'" *Id*.

Because the Court has excluded the unidentified declarant's statement and may not consider the facts of the *Emmanuel* case here, the only evidence before the Court of QuikTrip's knowledge (or lack thereof) regarding the alleged hazard is the testimony of QuikTrip's manager. She stated unequivocally that prior to Brown's accident, QuikTrip had not received reports of falls on the median and had no knowledge that customers walked on the median to reach the store.

Therefore, there is no evidence in the record that QuikTrip had knowledge of the alleged hazard.

Brown also has not adequately rebutted QuikTrip's argument that an open and obvious sloped median covered in pine straw is not a hazard. Evidence that the pine straw used on the median was synthetic or that the manufacturer of the product recommended use of an adhesive substance to improve the attachment of the pine straw to the surface where it was applied does not, by itself, constitute evidence that the median was a hazard. Similarly, evidence that Textraw was not tested for pedestrian use does not establish that its use on a median ***not intended for pedestrian use*** rendered that median a *per se* hazard. Nor is Brown's claim that the record "suggests" that the pine straw "may" have been installed or maintained improperly. Importantly, Brown makes no attempt to link these assertions to the cause of her fall. At the summary judgment stage, she must support her opposition with concrete evidence that will allow a jury to reasonably find in her favor. She has failed to do that here.

While summary judgment in favor of QuikTrip is proper alone on the basis that QuikTrip lacked knowledge of the alleged hazard, that conclusion is further bolstered by Brown's failure to show specific facts rebutting QuikTrip's evidence that the median was not a hazard in the first place. For these reasons, the Court

11

**GRANTS** QuikTrip's Motion (ECF No. 48), and the Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 1st day of March, 2021.

_____
J. P. BOULEE
United States District Judge